**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

**IN RE: ARC AIRBAG INFLATORS PRODUCTS LIABILITY LITIGATION** MDL No. 3051

**TRANSFER ORDER**

**Before the Panel**:[*] Plaintiffs in one action (*Mann*) move under 28 U.S.C. § 1407 to centralize this litigation in the Northern District of Georgia or, alternatively, the District of South Carolina. This litigation consists of six actions pending in five districts, as listed on Schedule A. Since the filing of the motion, the Panel has been notified of eleven related actions in ten districts.[1]

Plaintiffs in seven actions and potential tag-along actions support the motion. Plaintiffs in two potential tag-along actions support centralization in the Northern District of Illinois or the Northern District of California. Common defendant ARC Automotive, Inc. (ARC), and General Motors LLC (GM), which is a defendant in twelve actions and potential tag-along actions, support centralization. All remaining responding defendants[2] except FCA US LLC (FCA) take no position or do not oppose centralization. As transferee district, these defendants variously support the Western District of Tennessee, the Northern District of Georgia, and/or the Northern District of Illinois. FCA opposes centralization or, alternatively, suggests creation of separate MDL proceedings for the claims against each of the vehicle manufacturers in the Eastern District of Michigan.

---

[*] Judge Madeline Cox Arleo took no part in the decision of this matter.

Additionally, one or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2] Kia America, Inc.; Hyundai Motor America; Porsche Cars North America, Inc.; Key Safety Systems, Inc. (d/b/a Joyson Safety Systems); BMW of North America, LLC; Volkswagen Group of America, Inc.; Audi of America, LLC; Ford Motor Company; and Toyoda Gosei North America Corp.

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization in the Northern District of Georgia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These putative class actions present common factual questions arising from the allegation that ARC airbag inflators have a defect that can cause them to rupture, dispersing shrapnel, and injuring or killing vehicle occupants. Plaintiffs allege the remaining defendants knew or should have known of the defect, and the recalls issued to date by various vehicle manufacturer defendants have been inadequate. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification and *Daubert* motions; and conserve the resources of the parties, their counsel, and the judiciary.

In opposing centralization, defendant FCA argues that individual, defendant-specific facts are likely to predominate over common factual issues. We disagree. At the core of each pending action is an alleged common defect in airbag inflators manufactured by defendant ARC. Common factual questions include: (1) the nature of the alleged defect; (2) whether defendant ARC knew, or should have known, of the risk of airbag rupture; (3) ARC's conduct regarding the design, manufacturing, marketing, and sales of the airbag inflators; (4) the representations ARC made to the public; (5) ARC's interactions with the National Highway Traffic Safety Association and its investigation into the ruptures; and (6) the appropriate measure of plaintiffs' alleged economic losses, such as diminution in value and loss of use. Factual questions also will overlap concerning the vehicle manufacturer defendants, particularly those named in more than one action, such as GM. Such common factual questions include their knowledge regarding the defect, use and installation of the airbag inflators, and representations to the public, as well as the events pertaining to any vehicle recalls.

FCA also argues that there are too few actions pending to warrant centralization, and that FCA itself is named in just two of them. FCA further argues that alternatives to centralization are preferrable here, such as informal coordination or transfer under Section 1404. While just six actions were pending when plaintiffs moved for centralization, there are now seventeen actions pending in twelve districts. Given that almost all related actions allege overlapping nationwide classes, the present number of actions and involved counsel suggest that centralization would provide efficiencies, and that informal coordination is no longer feasible. Furthermore, ARC inflators have been installed in at least 30 million vehicles and, therefore, additional actions seem likely, some of them perhaps naming FCA. Though FCA is named in just two actions, as the Panel frequently holds, while transfer of a particular action might inconvenience some parties to that action, such a transfer often is necessary to further the expeditious resolution of the litigation taken as a whole. *See, e.g., In re Crown Life Premium Litig.*, 178 F. Supp. 2d 1365, 1366 (J.P.M.L. 2001).

Finally, FCA's argument that centralization would create inefficiencies, burdens, and delays because the vehicle manufacturer defendants are direct business competitors does not withstand scrutiny. Many of the vehicle manufacturer defendants already are included in the same case (Northern District of California *Britton*). Thus, protecting many defendants' trade secrets and confidential information will be at issue regardless of whether these cases are included in

centralized proceedings. Centralization "will allow a single judge to streamline protective orders and other protocols." *See In re Social Media Adolescent Addiction/Personal Injury Prods. Liab. Litig.*, __ F. Supp. 3d __, 2022 WL 5409144, at *2 (J.P.M.L. Oct. 6, 2022).

We find FCA's alternative proposal to create separate vehicle manufacturer-specific MDLs would unnecessarily complicate the litigation. There are nine different groups of vehicle manufacturer defendants, some only named in one action, while ARC is named as a defendant in all actions. Some actions name multiple vehicle manufacturers. Thus, creating separate MDLs for each manufacturer would eliminate any efficiencies for the claims against common defendant ARC, while also unnecessarily multiplying plaintiffs' claims, as claims against different manufacturers would need to be separated.

We conclude that the Northern District of Georgia is the appropriate transferee district. Many parties support centralization in this district, where three actions already are pending. It is relatively close to ARC's headquarters and in an easily accessible, metropolitan location for this nationwide litigation. Judge Eleanor L. Ross, to whom we assign this litigation, is an experienced jurist with the willingness and ability to manage this litigation efficiently. We are confident she will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of Georgia are transferred to the Northern District of Georgia and, with the consent of that court, assigned to the Honorable Eleanor L. Ross for coordinated or consolidated pretrial proceedings.

ATTEST: A TRUE COPY
CERTIFIED THIS

Date: Jan 06 2023

KEVIN P. WEIMER, Clerk

United States District Court Northern District of Georgia

By: /s/Benjamin G. Thurman
Deputy Clerk

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Nathaniel M. Gorton
David C. Norton
Dale A. Kimball
Matthew F. Kennelly
Roger T. Benitez

**IN RE: ARC AIRBAG INFLATORS PRODUCTS LIABILITY LITIGATION** MDL No. 3051

**SCHEDULE A**

Northern District of Alabama

UNDERWOOD, ET AL. v. ARC AUTOMOTIVE, INC., ET AL., C.A. No. 2:22−01043
LONG v. ARC AUTOMOTIVE, INC., ET AL., C.A. No. 2:22−01098

Northern District of California

BRITTON, ET AL. v. ARC AUTOMOTIVE, INC., ET AL., C.A. No. 3:22−03053

Northern District of Georgia

MANN, ET AL. v. ARC AUTOMOTIVE, INC., ET AL., C.A. No. 1:22−03285

District of South Carolina

JOPHLIN, ET AL. v. ARC AUTOMOTIVE, INC., ET AL., C.A. No. 2:22−02507

Western District of Tennessee

TAYLOR, ET AL. v. ARC AUTOMOTIVE, INC., ET AL., C.A. No. 2:22−02560